UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SYDNEY RODRIGUEZ,

    Plaintiff,

v.                              CASE NO.:

DOVECOTE, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SYDNEY RODRIGUEZ ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, DOVECOTE, LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages, minimum wages, and retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a catering in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as an Event Coordinator in October 2021, and she worked in this capacity until May 2022.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that she worked at a rate equal to one and one-half times her regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FMLA.

20. Defendant paid Plaintiff a biweekly salary of Five Hundred Seventy-six and 92/100 Dollars ($576.92).

21. Plaintiff also received a portion of credit card tips from the events she worked.

22. Plaintiff regularly worked at least sixty (60) hours per week.

23. The majority of Plaintiff's job duties included scheduling events, meeting with potential customers, setting up tables at events,

performing serving duties at events, and breaking down the events at their conclusions.

24. On or about April 22, 2022, Plaintiff's counsel sent a letter to Defendant objecting to Defendant's unlawful pay practices and demanding that Plaintiff be paid in accordance with the FLSA

25. Defendant retaliated against Plaintiff for taking actions to protest Defendant's FLSA violations and seek proper minimum wage and overtime payments when, on May 17, 2022, Defendant's owner Rob Tazioli, informed Plaintiff that she was terminated due to her "unhappiness" and that her last day would be May 29, 2022.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment, stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA MINIMUM WAGE VIOLATION**

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## COUNT III – FLSA RETALIATION

35.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

36.   By sending a letter to Defendant objecting to Defendant's unlawful pay practices and demanding to be paid in accordance with the FLSA, Plaintiff engaged in protected activity under the FLSA.

37.   By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

38.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.   Plaintiff was injured due to Defendant's violations of the FLSA.

***WHEREFORE***, Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)   Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of July, 2022.

Respectfully submitted,

*/s/ Christopher J. Saba*

_____
Christopher J. Saba
Florida Bar. No. 0092016
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-321-4086
Facsimile No.: 813-229-8712
Email: csaba@wfclaw.com
Email: rcooke@wfclaw.com
Attorneys for Plaintiff