UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO

SYDNEY RODRIGUEZ,

     Plaintiff,

v.                                                    CASE NO.: 6:22-cv-01271-PGB-EJK

DOVECOTE, LLC,

     Defendant.

_____/

## JOINT MOTION FOR LEAVE FOR PARTIES TO MEET AND CONFER BY TELEPHONE TO CONDUCT SETTLEMENT CONFERENCE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff SYDNEY RODRIGUEZ ("Plaintiff") and DOVECOTE, LLC ("Defendant"), by and through their undersigned attorneys, hereby file this Joint Motion for Leave for Parties to Meet via Telephone Conference to Conduct Settlement Conference and, in support, states as follows.

This is an action for damages under the Fair Labor Standards Act ("FLSA"). Per the Court's Scheduling Order (Doc. 17, at ¶ 4), counsel for the Parties are required to meet in person for a settlement conference.

The Scheduling Order permits limited exceptions. Indeed, the Order states: "Exceptions [to the Scheduling Order] will be granted only for compelling reasons." (Doc. 17, at ¶ 12). The Court's Order further provides that: "Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant." (Doc. 14, at ¶ 13).

"'Good cause' is a well-established legal phrase." *Larweth v. Magellan Health, Inc.*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 23720, at *32 (M.D. Fla. July 16, 2019). Indeed, "[a]lthough difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Id.* (citation omitted).

There is good cause for the Parties to conduct the settlement conference remotely. The instant matter is a dispute concerning alleged unpaid wages. The cost and expense of travel by Plaintiff's counsel, located in Tampa, to travel to and attend an in-person settlement conference with Defendant's Orlando counsel may affect any potential settlement value as attorneys' fees and costs will increase. Further, counsel for the Parties have worked together on a number of cases over the years and have an excellent working relationship. Counsel affirmatively state that the settlement potential of this matter will not be impacted by conducting the settlement conference remotely.

Accordingly, the Parties request that the Court grant this Motion and allow the parties to meet and confer via telephone to conduct the settlement conference within the time frame established by the Court. The Parties therefore, respectfully request that the Court grant this Joint Motion and allow the parties to meet and confer via telephone conference to conduct the settlement conference.

Dated this 2nd day of November 2022.

*/s/ Christopher J. Saba*
**CHRISTOPHER J. SABA**
Florida Bar No. 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
PH: 813-321-4086
Email: csaba@wfclaw.com
**Attorneys for Plaintiff**

*/s/ Jamie L. White, Bar No. 100018, for*
**JESSE I. UNRUH**
Florida Bar No.93121
SPIRE LAW, LLC
2572 W. State Road 426
Suite 2088
Oviedo, FL 32765
PH: 407.494.0135
E-mail: jesse@spirelawfirm.com
**Attorneys for Defendant**